**BLACKMON et al. v. UNITED STATES.**

**No. 9761.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1942.

Rehearing Denied March 23, 1942.

D. R. Coley, Jr., Wm. V. McDermott, and George A. Sossaman, all of Mobile, Ala., for appellants.

Francis H. Inge, U. S. Atty., and Percy C. Fountain, Asst. U. S. Atty., both of Mobile, Ala., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

An indictment was returned against some 40 members of the police department of Mobile, Alabama, charging them with conspiring together and with certain other persons, some named and some unnamed, designated as bootleggers, to aid and abet said bootleggers in possessing, transporting and selling unstamped, non-tax paid whiskey, with intent to defraud the United States of said taxes.

The ten appellants were the only defendants convicted. There are 83 assignments of error. As is usual when assign-

ments are so multiplied most of them are purely frivolous. Error is assigned to the overruling of demurrers, and to the refusal of the court to direct a verdict of acquittal. They may be considered together.

The evidence in the record tends to show that a large number of the policemen in Mobile had entered into an agreement with the known bootleggers of the City to give them protection in selling their illegal liquor; that this was a settled course of business on the part of the police engaged in it, well understood and acted upon by the bootleggers receiving the protection. Overt acts were proven. The indictment is lengthy but it sufficiently states the offense so that the defendants were advised of the charge against them. The conspiracy was the offense. It was permissible to allege it was for the purpose of aiding the bootleggers in committing a number of substantive offenses for the purpose of defrauding the United States. The demurrers were properly overruled. 18 U.S.C.A. § 557; Frohwerk v. United States, 249 U. S. 204, 39 S.Ct. 249, 63 L.Ed. 561; Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793.

The case was submitted to the jury on conflicting evidence. Appellants were not entitled to a peremptory charge.

The other assignments are without merit. It is unnecessary to discuss them. Evidence in the record fully supports the allegations of the indictment and shows the guilt of appellants. Technical errors, if any, not affecting the substantial rights of appellants, must be disregarded. J.C. Sec. 269, 28 U.S.C.A. § 391; Horning v. Dist. of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185.

The record presents no reversible error.

The judgment is affirmed.